UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Manuel Orosieta-Mojica, #31153-177 ) | C/A No. 9:07-1583-PMD-GCK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| John LaManna, Warden, FCI Edgefield, ) | |
| ) | |
| Defendant. ) | |



The plaintiff, Manuel Orosieta-Mojica ("Plaintiff"), proceeding *pro se*, brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violation of his civil rights.[1]  Plaintiff is an inmate at Federal Correctional Institution (FCI), a facility of the Bureau of Prisons (BOP), in Edgefield, South Carolina.  Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names only the Warden of FCI Edgefield as a defendant.[2]  Plaintiff claims the defendant has been deliberately indifferent to Plaintiff's serious medical need for surgery.  The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) *(en banc)*; *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) *(per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*,

2

775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Plaintiff filed a document titled "Form For Use in Applications For Habeas Corpus Under 28 U.S.C. Section 2241." The pleading is somewhat incoherent, but the body of the allegations assert a claim for deliberate indifference to a serious medical need pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The complaint also alleges "medical negligence - duty negligence -malpractice," which are torts actionable under the Federal Tort Claims Act ("FTCA"). Negligence and medical malpractice are not constitutional violations and do not state a claim under *Bivens*.



If the complaint is construed as filed pursuant to the FTCA, codified at 28 U.S.C. §§ 2671-2680, it fails to state a claim. The federal government and its agencies are protected from suit by sovereign immunity. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Perkins v. United States*, 55 F.3d 910, 913 (4th Cir. 1995)("As sovereign, the United States enjoys immunity from suits for damages at common law.") Because of sovereign immunity, the United States government cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA waives the sovereign immunity of the United States by expressly consenting to suit against the United States under specific conditions. The FTCA "gives jurisdiction to the federal district courts to hear civil actions against the United States for money damages for injuries caused by the negligent or wrongful acts or omissions of government employees while acting within the scope of their

3

employment, subject to several exceptions." *Perkins v. United States*, 55 F.3d at 913. The Federal Employees Liability Reform and Tort Compensation Act, codified at 28 U.S.C. § 2679, however, grants immunity to government employees acting within the scope of their employment by requiring persons injured by them to substitute the United States government as the Defendant.[3] The complaint herein fails to name the United State of America as a Defendant for purposes of bringing a claim under the FTCA, and the complaint contains no factual allegations against a specific federal employee concerning injuries caused by negligent or wrongful acts.[4] Therefore, the complaint fails to state a claim under the FTCA.

Similarly, if the Complaint is construed as filed pursuant to *Bivens*, it fails to state a claim. The United States Supreme Court in *Bivens* established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. The complaint claims deliberate indifference to a serious medical need. Plaintiff claims he is in need of surgery for problems associated with chronic sinusitis and claims he has been denied surgery.



The Eighth Amendment's prohibition on "cruel and unusual punishment" extends beyond the punishments imposed by statute or by a sentencing judge, *see Wilson v. Seiter*, 501 U.S. 294, 297 (1991), to include "the treatment a prisoner receives in prison and the conditions under which he is confined," *Helling v. McKinney*, 509 U.S. 25, 31 (1993). With respect to medical treatment received

---

[3] The remedy against the federal government is exclusive. *See* 28 U.S.C. § 2679(b).

[4] A plaintiff proceeding under 28 U.S.C. § 1915, "must meet certain minimum standards of rationality and specificity." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). The complaint in this case fails to state with specificity factual allegations against the only named defendant, Warden LaManna. In fact, the involvement of Defendant LaManna is not mentioned at all in the allegations of the complaint.

in prison, a prisoner alleging civil rights violations "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Supreme Court has distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen [ce] in diagnosing or treating a medical condition," holding that only the former violates the "cruel and unusual punishments" clause. In order for Eighth Amendment liability to attach, a plaintiff must show "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988).

The complaint lacks factual allegations against any specific medical personnel in the complaint, but generally claims malpractice and deliberate indifference. Even if the complaint were amended to name proper defendants, the complaint fails to state a *Bivens* claim. The attachments to the complaint indicate the plaintiff received medical attention for sinus problems seventeen times in a twelve month period. Also, an ear, nose, throat (ENT) specialist was consulted on April 17, 2006, and a diagnostic test done on June 6, 2006. The complaint's conclusion that medical personnel were deliberately indifferent to his serious medical needs is refuted by the attachments to the complaint that indicate the plaintiff received medical exams and consultation with a specialist. Additionally, in the administrative remedy appeal attached to the complaint, Plaintiff states "the specialist says I do not need medical surgery." Clearly, Plaintiff does not agree with the specialist's

medical determination that surgery is not necessary, but his disagreement does not show that his serious medical needs have been ignored. The facts alleged fail to support a claim of deliberate indifference to serious medical needs. The complaint fails to state a *Bivens* claim for violation of a constitutional right and should be dismissed.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint *without prejudice* and without issuance and service of process. See 28 U.S.C. § 1915(e)(2)(B)(ii)("failure to state a claim on which relief may be granted). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

*/s/ George C. Kosko*
George C. Kosko
United States Magistrate Judge

July 9, 2007
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).