# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| MANUEL OROSIETA-MOJICA, ) <br> # 31153-177 ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN LAMANNA, ) <br> L. FUERTES- ROSARIO, ) <br> ) <br> Defendants. ) <br> _____) | C.A. No.: 9:07-1583-PMD-GCK <br><br> **ORDER** |

Plaintiff Manuel Orosieta-Mojica ("Plaintiff"), an inmate at Federal Correctional Institution ("FCI") in Edgefield, South Carolina, filed this *pro se* action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* and the Federal Tort Claims Act. The record contains the report and recommendation of a United States Magistrate Judge, made in accordance with 28 U.S.C. § 636 (b)(1)(B), which recommends Plaintiff's complaint be dismissed. A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff filed timely objections to the Magistrate Judge's recommendations, and also moved to amend his original complaint.

## **BACKGROUND**

On June 7, 2007, Plaintiff brought suit pursuant to *Bivens* against John LaManna, Warden of FCI.[1]  *Bivens* allows an action against federal employees for violations of constitutionally

---

[1] Plaintiff filed his original complaint on a form entitled "Form for Use in Applications for Habeas Corpus under 28 U.S.C. § 2241," but has made no allegations that he is being detained wrongfully or illegally. On this document, Plaintiff asserts a "Biven claim," and goes on to make allegations of deliberate indifference. Pursuant to the requirement that the court liberally construe all pleadings by *pro se* litigants, the court construes Plaintiff's complaint as asserting a *Bivens* claim for violation of his constitutional rights by corrections officials.

protected rights. A *Bivens* action is analogous to a claim under 42 U.S.C. § 1983, except the action is brought against a federal employee rather than an employee acting under the color of state law. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). He also alleged "medical negligence-Duty negligence-malpractice." These allegations are not actionable under *Bivens*, but may be actionable under the Federal Tort Claims Act ("FTCA"). On July 10, United States Magistrate Judge George C. Kosko issued a report and recommendation ("R&R") to this court, recommending that Plaintiff's claims, under both *Bivens* and the FTCA, be dismissed. On July 31, the court gave Plaintiff an extension of time to file his objections to the R&R.[2] Plaintiff filed these objections on September 4. Along with the objections Plaintiff also moved to amend his complaint, to add the United States of America and the Federal Bureau of Prisons.

Plaintiff bases his claims on allegations that he suffers from chronic sinusitis, which he claims causes him to suffer severe pain, headaches, hearing loss, and respiratory troubles. (Objections at 4). Plaintiff does not deny that he has been to see a physician seventeen times during a twelve month period while incarcerated at FCI, including a visit to an ear, nose, and throat specialist. *Id*. at 3. However, Plaintiff claims that this medical attention has been ineffective and has not helped him with his condition, and that surgery is required. *Id*. at 4. FCI physicians and the specialist concluded that Plaintiff's condition did not require surgery. After being informed of this, Plaintiff filed several grievances concerning what he regarded as inadequate medical care, which were all denied by corrections officials.

## STANDARD OF REVIEW

**A.     Magistrate Judge's R&R**

---

[2] At this time, Plaintiff appears to have added Defendant L. Fuertes-Rosario, FCI's Health Services Administrator, to his pleadings, although no motion to amend was filed with the court at this time.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. *Id.* After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

### B.     28 U.S.C. § 1915(a) – Failure to State a Claim

Dismissals under 28 U.S.C. § 1951(a) for failure to state a claim require the same standard of review as dismissals under Rule 12(b)(6). *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999); *Davis v. District of Columbia,* 158 F.3d 1342, 1348 (D.C. Cir. 1998). Under this well-known standard, the court should not dismiss a complaint for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Roads Regional Jail,* 407 F.3d 243, 248 (4th Cir. 2005); *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). "Moreover, when such a dismissal involves a civil rights complaint, "we must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts

alleged." *Harrison v. United States Postal Serv.,* 840 F.2d 1149, 1152 (4th Cir. 1988).

## DISCUSSION

### A.     Plaintiff's Deliberate Indifference Claim

It is well established that deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable as constituting cruel and unusual punishment contravening the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976). To prove a claim of deliberate indifference to a serious injury under the Eighth Amendment, a plaintiff must show that a defendant's "action or inaction [1] result[ed] in or creat[ed] a sufficiently serious risk of a deprivation that objectively results in denial of the 'minimal civilized measure of life's necessities' and [2] a 'sufficiently culpable state of mind.'" *Winfield v. Bass,* 106 F.3d 525, 531 (4th Cir. 1997) (quoting *Farmer v. Brennan,* 511 U.S. 825, 831-34 & n. 2 (1994)). In order to be liable for deliberate indifference, the plaintiff must prove that the official was both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also that he had drawn the inference. *See Young v. City of Mount Rainer*, 238 F.3d 567, 575-76 (4th Cir. 2001) ("Deliberate indifference requires a showing that the defendants . . . actually knew of and ignored a detainee's serious need for medical care."). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975).

Plaintiff's assertion is that defendants committed acts of deliberate indifference by failing to relieve him of the pain caused by chronic sinusitis and by denying his wish to have corrective surgery. However, the facts as asserted at most support a claim of malpractice. The Supreme Court of the United States has explicitly held that such conduct does not constitute deliberate indifference:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

> Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 106. *See also Johnson v. Quinones*, 145 F.3d 164, 166 (4th Cir. 1998) ("[A]ny negligence or malpractice on the part of the doctors in missing the diagnosis does not, by itself, support an inference of deliberate indifference by the doctors to Johnson's medical needs."). Similarly, alleged delays in providing adequate care also do not rise to the level of deliberate indifference where the delay does not cause further injury. *Kane v. Hargis*, 987 F.2d 1005, 1009 (4th Cir. 1993).

Even viewing all assertions and inferences in the light most favorable to Plaintiff, the court cannot find any material issue of fact regarding Plaintiff's claim of deliberate indifference. Plaintiff acknowledges that he has met with physicians seventeen times in less than a year, including an ear, nose, and throat specialist who conducted tests. Based on these visits and tests, Plaintiff's physicians determined that he did not require surgery. The fact that Plaintiff disagrees with his physicians does not raise an issue of constitutional proportions. *Estelle*, 429 U.S. at 106 ("[M]ere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former . . ."). Thus, Plaintiff's claim of deliberate indifference in violation of his Eighth Amendment rights fails as a matter of law.

Accordingly, the court finds that the Magistrate Judge correctly recommended that Plaintiff's *Bivens* claim based on deliberate indifference to his serious medical need in violation of his Eighth Amendment rights be dismissed.

### B. Plaintiff's Federal Tort Claims Act Claim

Claims of negligence or malpractice, can, however, support a cause of action under the FTCA. The FTCA is a significant exception to the doctrine of sovereign immunity, which holds that

the government is typically not subject to tort lawsuits. *See, e.g.*, *Perkins v. United States*, 55 F.3d 910, 913 (4th Cir. 1995) ("As sovereign, the United States enjoys immunity from suits for damages at common law."). The FTCA gives federal district courts jurisdiction "to hear civil actions against the United States for money damages for injuries caused by the negligent or wrongful acts or omissions of government employees while acting within the scope of their employment." *Id.* The FTCA does not, however, create a cause of action against individual defendants acting within the scope of government employment. The cause of action created by the FTCA must be exclusively brought against the United States government. 28 U.S.C. § 2679(b) ("The remedy against the United States provided by [FTCA] . . . is exclusive."); *see also McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant.").

In the R&R, the Magistrate Judge recommended dismissal of Plaintiff's FTCA claims on the grounds that Plaintiff had not stated a claim under the FTCA, both because the United States was not named as a defendant, and because Plaintiff did not make any factual allegations against any specific federal employees. (R&R at 4.) Because Plaintiff asserted no claims against the United States government, the Magistrate Judge correctly recommended that the court dismiss his FTCA claims against Defendants LaManna and Fuertes-Rosario.

### C.     Plaintiff's Motion to Amend

However, Plaintiff now moves to amend his complaint to add the United States of America as a defendant.

Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend a pleading "be freely given when justice so requires." While this court is given discretion to deny the motion to amend, "that discretion is limited by the interpretation given Rule 15(a) in *Foman* [*v. Davis,* 371

U.S. 178 (1962)], 'and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Island Creek Coal Co. v. Lake Shore, Inc.,* 832 F.2d 274, 279 (4th Cir. 1987) (citation omitted). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)) (emphasis in original). A delay in bringing a proposed amendment is insufficient reason to deny leave to amend. *Id.*

A court may deny a party's motion to amend if doing so would be futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379 (4th Cir.2005) ("Leave to amend need not be given when amendment would be futile."). For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Oroweat Foods Co.,* 785 F.2d at 510-511; *see also Rambus, Inc. v. Infineon Tech., AG,* 304 F.Supp.2d 812, 819 (E.D.Va. 2004) ("Courts generally favor the 'resolution of cases on their merits' . . . [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, *e.g.*, under motions to dismiss or for summary judgment, . . . , or for resolution at trial.") (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980))*; see also Robinson v. GEO Licensing Co., L.L.C.*, 173 F.Supp.2d 419, 423 (D. Md. 2001).

When a Plaintiff brings a claim against the federal government under the FTCA, the substantive tort law of the jurisdiction in which the suit is brought applies. 28 U.S.C. § 1346(b)(1). Therefore, Plaintiff's FTCA claim against the government is futile if the claim is "clearly insufficient" under South Carolina law.

The Supreme Court of South Carolina has established a test for what a plaintiff is required

to show to establish an issue of material fact in a medical malpractice suit :

> [A] plaintiff alleging medical malpractice must provide evidence showing (1) the generally recognized and accepted practices and procedures that would be followed by average, competent practitioners in the defendants' field of medicine under the same or similar circumstances, and (2) that the defendants departed from the recognized and generally accepted standards.

*David v. McLeod Regional Medical Center*, 367 S.C. 242, 247, 626 S.E.2d 1, 4 (2006) (citing *Pederson v. Gould*, 288 S.C. 141, 143-44, 341 S.E.2d 633, 634 (1986). *See also David*, 367 S.C. at 248, 626 S.E.2d at 4 ("[I]n order to withstand a properly supported motion for summary judgment in a medical malpractice action . . . the evidence as a whole must meet the criteria laid out in *Pederson* and its progeny."). If Plaintiff does not satisfy the state law requirements to establish an issue of material fact, his FTCA claim fails as a matter of law. *See, e.g.*, *Brown v. United States*, 74 Fed. Appx. 611 (7th Cir. 2003) (upholding district court's dismissal of a FTCA claim based on medical malpractice where plaintiff had not established an issue of material fact under Wisconsin law); *Mathison v. United States*, 44 Fed. Appx. 27 (8th Cir. 2002) (applying same principle under Minnesota law).

Plaintiff has only asserted that he has severe chronic sinusitis, and that after seventeen visits and one trip to a specialist where tests were performed, the physician determined that Plaintiff's condition did not require surgery. He has made no showing whatsoever of the "generally recognized and accepted practices and procedures" for treating chronic sinusitis, and consequently has made no showing of how corrections officials departed from such a standard. In his pleadings, Plaintiff has failed to even name the physician, or specify how Defendants LaManna, the warden of FCI, and L. Fuertes-Rosario, the Health Services Administrator, violated his rights in any way.

Plaintiff's mere assertion that he continues to suffer from chronic sinusitis and that he disagrees with the physician's decision not to recommend surgery for his condition is "clearly

insufficient" within the meaning of *Oroweat Foods Co.* 785 F.2d at 510-11. Plaintiff cannot establish an issue of material fact merely by making vague, conclusory statements. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). Since Plaintiff has not alleged any fact or facts that support a finding of malpractice against the United States or any other defendant under South Carolina tort law, the court finds that allowing Plaintiff to add the United States of America as a defendant would be futile.

Plaintiff also seeks to amend his complaint to "add the specific medical personnel, government entities, and others." (Objections at 2.) However, since Plaintiff fails to mention any names, dates, or specific allegations with regard to anyone, and has raised no material issues of fact regarding either his *Bivens* claim or his FTCA claim, allowing Plaintiff to add these unnamed defendants would likewise be futile.

Accordingly, Plaintiff's motion to amend his complaint is denied.

## CONCLUSION

For the foregoing reasons the court adopts in full the recommendation of the Magistrate Judge and **ORDERS** that Plaintiff's Complaint is **DISMISSED**, and Plaintiff's Motion to Amend Complaint is **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**September 28, 2007.**